**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GRIZZLY INDUSTRIAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KREG ENTERPRISES, INC., d/b/a Kreg Tools, <br><br> Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff Grizzly Industrial, Inc., by and through its undersigned counsel at Taft Stettinius & Hollister LLP, and pursuant to 15 U.S.C. §§ 1114 and 1125, brings this Complaint against Defendant Kreg Enterprises, Inc., d/b/a Kreg Tools, and in support states as follows:

### NATURE OF ACTION, JURISDICTION AND THE PARTIES

1. This action is based on infringement of a federally registered trademark, false designation of origin, false or misleading representations and unfair competition. This Court has subject matter jurisdiction pursuant to Title 15 U.S.C. § 1121 and Title 28 U.S.C. §§ 1331, 1332(a)(1), and 1338(a).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

3. Plaintiff GRIZZLY INDUSTRIAL, INC. is a Washington corporation located at 1821 Valencia Street, Bellingham, Washington 98229. Plaintiff is in the business of manufacturing, marketing, distributing, and selling metalworking and woodworking machines, tools, power tools, and equipment through retail stores, catalogs, and online.

4. Defendant KREG ENTERPRISES, INC. is an Iowa corporation located at 7500 SE Convenience Blvd., Ankeny, Iowa 50021. Defendant manufactures, markets, distributes, and sells machines, power tools, and equipment for woodworking.

5. This Court has personal jurisdiction over the defendant because defendant has committed the acts complained of herein within this State and District pursuant to 735 ILCS §§ 512-201, et seq. In further support of jurisdiction, plaintiff alleges that:

 (a) Defendant has dealers in Illinois and in this District which sell defendant's products, including, but not limited to, Lowe's home improvement stores, Bear Supply in Vernon Hills, Illinois, Woodcraft Supply in Libertyville, Illinois, Evanston Lumber Company, Evanston, Illinois, Menards, Morton Grove, Illinois, Clark-Devon Hardware, Chicago, Illinois, Craftwood Lumber, Highland Park, Illinois, Menards-Clybourn, Chicago, Illinois.

 (b) Defendant owns and operates a website, www.kregtool.com, which includes an order page allowing customers nationwide and in the State of Illinois to view and purchase defendant's products via the Internet.

 (c) Defendant's products are sold on Amazon, including to customers in Illinois and in this District.

## BACKGROUND

6. Plaintiff has been selling machinery since 1983. Since at least as early as 1992, Plaintiff has used the trademark THE REBEL to identify Plaintiff's router tables for woodworking. Plaintiff prominently uses the marks REBEL and THE REBEL on nameplates on the router tables, in advertising and promotional materials, in Plaintiff's catalog, and on Plaintiff's website. *See* (**Exhibit 1**).

7. Plaintiff is the owner of U.S. Reg. No. 1,808,486, dated November 30, 1993, for the trademark THE REBEL for "router tables." This registration is valid and subsisting, and is incontestable within the meaning of the Trademark Act, 15 U.S.C. §1115. A copy of this Registration is attached as **Exhibit 2**.

8. Plaintiff advertises and promotes the trademark THE REBEL throughout the United States.

9. Long after Plaintiff's prior and continuous use and registration of the trademark THE REBEL, Defendant, on February 7, 2025, filed an application, Serial No. 99032745 for the trademark REBEL for "Woodworking machines, namely, power operated woodworking machines; Power tools, namely, pocket hole jigs; Machine tools for woodworking, namely, drilling tools" in Class 7, and "Hand tools, namely, woodworking hand tools, pocket hole jigs, powered pocket hole jigs, and clamping jigs; Manually operated hand tools, namely, hand-operated cutting tools for use with wood" in Class 8. Defendant's application serial no. 99032745 was abandoned on November 6, 2025.

10. In the summer of 2025, Defendant introduced a pocket-hole joiner for woodworking, which defendant has referred to as Rebel™, *see* (**Exhibit 3**), Rebel™ Pocket-Hole Joiner and Kreg Rebel™, *see* (**Exhibit 4**), and the Ionic Drive Rebel Pocket-Hole Joiner, *see* (**Exhibit 5**). Like Plaintiff, Defendant also sells router tables for woodworking.

## COUNT I

### 15 U.S.C. § 1114

11. Plaintiff adopts and realleges the allegations of paragraphs 1-10, as if fully set forth herein.

12. Defendant's use in commerce of the trademark REBEL, alone and in combination with other words, names, terms, and designs in connection with the sale, offering for sale, distribution and advertising of woodworking machines, without the consent of Plaintiff, is likely to cause confusion, mistake or deceive customers as to the source, affiliation, connection, or association of Defendant's products with Plaintiff's products, all to Plaintiff's irreparable injury and Defendant's unjust enrichment, in violation Plaintiff's exclusive rights in its registered trademark THE REBEL under the federal Trademark Act, 15 U.S.C. § 1114.

13. Because of Defendant's actions, Plaintiff has suffered irreparable damage and will continue to suffer such irreparable damage unless Defendant is restrained from such conduct. Plaintiff has no adequate remedy at law.

14. Because of Defendant's actions, Plaintiff has suffered damages and Defendant has been unjustly enriched.

## COUNT II

### 15 U.S.C. § 1125

15. Plaintiff adopts and realleges the allegations of paragraphs 1-14, as if fully set forth herein.

16. Defendant's aforesaid acts constitute false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services and activities by Plaintiff, in violation of the federal Trademark Act, 15 U.S.C. § 1125(a).

17. Because of Defendant's actions, Plaintiff has suffered irreparable damage and will continue to suffer such irreparable damage unless Defendant is restrained from such conduct. Plaintiff has no adequate remedy at law.

18. Because of Defendant's actions, Plaintiff has suffered damages and Defendant has been unjustly enriched.

**WHEREFORE**, Plaintiff prays:

A) That Defendant, its officers, directors, agents, servants, employees, successors, assigns and all those controlled by or in active contract or participation with Defendant, be preliminarily and permanently enjoined from using in any way in connection with Defendant's products, or otherwise in connection with Defendant's business, the trademark REBEL, either alone, or in combination with other names, words, terms or designs.

B) That Defendant be ordered to deliver for destruction all articles of merchandise, displays, advertisements, packaging, brochures, order forms, price lists, letterhead, catalogs, or any other materials in its possession or control or in the possession or control of its agents, which bear the trademark REBEL or any confusingly similar term.

C) That Defendant be required to account for and pay over to Plaintiff actual damages suffered by Plaintiff; all gains, profits and advantages derived by Defendant from its infringement of Plaintiff's trademark THE REBEL and Defendant's aforesaid unlawful acts.

D) That Defendant be ordered to compensate Plaintiff for the advertising or other expenses necessary to dispel any public confusion caused by Defendant's unlawful acts.

E) That the Court award enhanced damages to fully compensate Plaintiff and punitive damages for the willful and wanton nature of Defendant's aforesaid unlawful acts.

F) That Defendant be ordered to pay interest, costs and reasonable attorneys' fees to Plaintiff.

G) That the Court grant Plaintiff such other and further relief as the Court deems just.

Plaintiff demands a trial by jury on all such triable issues.

DATED: January 7, 2026                    Respectfully submitted,

**GRIZZLY INDUSTRIAL, INC.**

By: */s/ Joseph F. Schmidt*
      One of Its Attorneys

Joseph F. Schmidt (ARDC # 2492180)
Sophie E.H. Rayzor (ARDC # 6343417)
**TAFT STETTINIUS & HOLLISTER LLP**
111 E. Wacker Dr., Ste. 2600
Chicago, Illinois 60601
(312) 527-4000
jschmidt@taftlaw.com
srayzor@taftlaw.com

*Counsel for Plaintiff Grizzly Industrial, Inc.*

196333977v2