IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRIZZLY INDUSTRIAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 26 C 154 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| KREG ENTERPRISES, d/b/a | ) | |
| Kreg Tools | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Grizzly Industrial, Inc. brings this two-count complaint against defendant Kreg

Enterprises alleging trademark infringement and false designation of origin in violation of 15

U.S.C. §§ 1114 and 1125.  Defendant moves to dismiss for lack of personal jurisdiction under

Fed. R. Civ. P. 12(b)(2).  For the reasons below the motion to dismiss (Doc. 14) is denied.

**DISCUSSION**

This is a trademark dispute.  Plaintiff is a Washington corporation that advertises and

promotes a router table for woodworking with the trademark "THE REBEL."  Defendant is an

Iowa corporation that recently introduced a series of power tools under the name "Rebel."  Like

plaintiff, defendant also sells router tables (in addition to other tools).

Defendant has moved to dismiss the complaint for lack of personal jurisdiction under

Rule 12(b)(2).  When a defendant moves to dismiss for lack of personal jurisdiction, the

"plaintiff bears the burden of establishing personal jurisdiction."  Advanced Tactical Ordnance

1

Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 799 (7th Cir. 2014), as corrected (May 12, 2014).

Plaintiff argues that this court can exercise specific personal jurisdiction over defendant, because defendant purposely availed itself of doing business in Illinois, plaintiff's claims arise from defendant's Illinois-related activities, and defendant knowingly sold infringing products in Illinois. In particular, plaintiff points to defendant's interactive website that offers the infringing products for purchase in Illinois and defendant's contracts with authorized dealers in Illinois.

Defendant argues that it does not have sufficient minimum contacts with Illinois to subject it to specific jurisdiction. Defendant contends that its authorized dealers are independent, "out-of-state sales agents," which do not subject it to personal jurisdiction in the forum where the independent agent resides. Defendant also argues that it did not avail itself of the Illinois market through its website and online sales. Finally, plaintiff argues that plaintiff has failed to allege misconduct related to the alleged infringement in Illinois.

A federal district court may exercise personal jurisdiction over a defendant if the defendant would be subject to personal jurisdiction in the courts of the state where the district court sits or if a federal statute provides otherwise. See Fed. R. Civ. P. 4(k). This case involves diverse parties and claims arising under the Trademark Act (15 U.S.C. §§ 1114 and 1125), a federal statute. Because the Trademark Act does not contain a statutory rule for personal jurisdiction, the court looks to the law of the forum. See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 779 (7th Cir. 2003) (explaining that "[a] district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction"). Thus, this court looks to the law of Illinois.

2

Illinois's long-arm statute provides, among other things, that "[a] court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). This statute "permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause." Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010). The Fourteenth Amendment's Due Process Clause, in turn, "requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (internal quotation omitted). When a court analyzes minimum contacts, "the relevant contacts are those that center on the relations among the defendant, the forum, and the litigation." Advanced Tactical Ordnance Sys., 751 F.3d at 801. The focus of this analysis is identifying contacts that are the "result from actions by the defendant *himself*." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

First, the court looks to the contacts between the defendant and the forum. Here, defendant has established contacts with Illinois through: (1) its relationships with Illinois-based authorized dealers that sell its products to Illinois customers; and (2) its website that offers products for sale directly to Illinois customers. Plaintiff has shown (and defendant has not disputed) that in Illinois, there are 19 authorized dealers selling defendant's products within a 20-mile radius of the Dirksen Courthouse, where this court sits. Information about these authorized dealers is available on defendant's website, which allows users to search for authorized dealers near their location. Defendant attempts to distance itself from its authorized dealers, characterizing them as independent third parties. The court disagrees. The term "authorized

3

dealer" makes clear why these relationships are contacts that result from "actions by the defendant *himself.*" Burger King, 471 U.S. at 475. Who authorizes these dealers? Defendant, the manufacturer of the product. In addition, defendant's website allows customers in Illinois to directly purchase products for shipment to Illinois addresses, including sale to Illinois customers on the Amazon platform. The court finds that Defendant has "purposefully avail[ed]" itself of doing business in Illinois. See Burger King, 471 U.S. at 475.

Next, the court looks to the connection between the conduct of defendant and the subject of the litigation. The court finds that this is a close issue that depends on a material dispute of fact. This litigation centers around a trademark dispute. Specifically, plaintiffs claim that defendant's use of the name "Rebel" is "likely to cause confusion, mistake or deceive customers as to the source, affiliation, connection, or association of Defendant's products with Plaintiff's products." Plaintiff claims in its brief, but not in its complaint, that "upon information and belief, Defendant has sold one or more infringing product(s) to Illinois customers." Defendant does not deny the allegation, instead pointing out that plaintiff failed to make the allegation in its complaint.

If defendant has in fact sold "Rebel" products in Illinois, then the contacts that defendant has made with Illinois are directly tied to the alleged harm that is the subject of the litigation. See Advanced Tactical Ordnance Sys., 751 F.3d at 801 (explaining that "[s]pecific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state"). The court finds that the existence of personal jurisdiction depends on a disputed material fact. Consequently, the court grants plaintiff's request to issue jurisdictional discovery requests. Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002) (explaining that "the court must decide whether any material facts are in dispute….[i]f so, it must hold an evidentiary hearing to resolve

4

them, at which point the party asserting personal jurisdiction must prove what it alleged"). These discovery requests should be limited to determining whether defendant has sold to Illinois customers the allegedly infringing items, either through its website or its authorized dealers.

## CONCLUSION

For the above reasons, the motion to dismiss (Doc. 14) is denied. The court grants plaintiff's request to conduct jurisdictional discovery limited to whether defendant has sold "Rebel" products to customers in Illinois directly, or through authorized dealers. The parties are directed to file a joint status report directed to the jurisdictional discovery on or before July 20, 2026. Defendant need not answer the complaint until the court has reviewed the joint status report.

ENTER:

Robert W. Gettleman
United States District Judge

DATE: June 18, 2026

5